FILED
CLERK, U.S. DISTRICT COURT

12/9/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSE GUADALUPE VALENZUELA,<br><br>　　　　Defendant. | Case No.: CR 77-01047-CJC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING [Dkt. 90]** |

**I. INTRODUCTION & BACKGROUND**

　　In 1977, Defendant Jose Guadalupe Valenzuela was convicted of one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846, seven counts related to heroin trafficking in violation of 21 U.S.C. § 841(a)(1), and one count for operating a continuing criminal enterprise in violation of 21 U.S.C. § 848.  Defendant and his brother

directed the Valenzuela family organization, which was "one of the major sources of Mexican heroin in the United States." *United States v. Valenzuela*, 596 F.2d 1361, 1362 (9th Cir. 1979).

Judge Robert J. Kelleher sentenced Defendant to consecutive 15-year sentences on each of counts one through four (the conspiracy count and three trafficking counts) for a total of 60 years' imprisonment. (*See* Dkt. 89.) Defendant was similarly sentenced to consecutive 15-year sentences on each of counts five through eight (the remaining trafficking counts) for a total of 60 years' imprisonment, which would run concurrently with the 60-year sentence on counts one through four. (*See id.*) Finally, on count nine for continuing criminal enterprise, Defendant was sentenced to life imprisonment without possibility of parole, which would run concurrently with the other sentences. (*See id.*)

In 1997, Defendant filed a 28 U.S.C. § 2255 motion for relief from his sentence. (Dkt. 31.) The Court granted his motion in part. It vacated his conspiracy conviction because it was a lesser-included offense of continuing criminal enterprise, but the Court declined to vacate Defendant's conviction for continuing criminal enterprise. (Dkt. 49); *United States v. Valenzuela*, 225 F.3d 665, at *1 (9th Cir. 2000) (unpublished). The Ninth Circuit affirmed. It explained that Defendant's conviction for continuing criminal enterprise remained valid because conspiracy could serve as a predicate offense for continuing criminal enterprise even though it is a lesser included offense of that crime. *Valenzuela*, 225 F.3d 665, at *1. The Court's docket does not reveal whether Judge Kelleher entered an amended order of judgment and sentence following the vacatur of Defendant's conspiracy conviction.

//
//

Now before the Court is Defendant's motion for resentencing.  (Dkt. 90.)  For the following reasons, Plaintiff's motion is **DENIED**.[1]

## II. DISCUSSION

Defendant argues that he is entitled to resentencing now because he was never resentenced after the Court vacated his conviction for conspiracy in 1997.  The Court disagrees.

Courts "construe[] the multiple sentences given a defendant convicted of more than one count of a multiple count indictment as 'a package.'"  *United States v. Handa*, 122 F.3d 690, 692 (9th Cir. 1997).  When part of a defendant's sentence "is set aside as illegal, the package is 'unbundled,'" and "the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted."  *Id.*  While district courts are free to conduct a full resentencing on all remaining counts of conviction, they are not required to do so. *Troiano v. United States*, 918 F.3d 1082, 1087 (9th Cir. 2019) ("[T]he decision to conduct a full resentencing on all remaining counts of conviction when one or more counts of a multi-count conviction are undone [] rests within the sound discretion of the district court.").

For example, in *Troiano*, the defendant was convicted of four counts related to his robbery of a convenience store.  *Id.* at 1084.  Counts one and two were grouped together while counts three and four remained separate.  *Id.*  The defendant was sentenced to 24 years' imprisonment. *Id.* at 1085.  The sentencing court later reduced Defendant's sentence on count four because the career-criminal sentencing enhancement no longer

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Crim. P. 57(b).

applied to him following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). *Troiano*, 918 F.3d at 1085. However, the sentencing court declined to conduct a full resentencing because the defendant's "overall sentence of 24 years remained unchanged." *Id.* His "17-year sentences on Counts 1 and 2 and his 7-year consecutive sentence on Count 3 were not altered." *Id.* The Ninth Circuit affirmed—holding that the sentencing court was within its discretion in declining to conduct a full resentencing because "[t]here [wa]s simply no reason to conclude . . . that [reducing the sentence] on Count 4 had any impact on the sentences for the unaffected counts." *Id.* at 1086–88.

Similarly here, the Court's vacatur of Defendant's conspiracy conviction has no impact on his overall sentence. Defendant was sentenced to life imprisonment on his charge for continuing criminal enterprise. That charge was not grouped with Defendant's conspiracy charge and Defendant does not argue that his life sentence for continuing criminal enterprise is invalid. Indeed, the Ninth Circuit has already concluded that Defendant's life sentence for continuing criminal enterprise "will remain the same whatever the resolution of the other sentences might be." *United States v. Valenzuela*, 596 F.2d 1361, 1365 (9th Cir. 1979). Because the vacatur of Defendant's conspiracy conviction has no impact on his overall sentence, the Court was not required to conduct a full resentencing as Defendant suggests. *See Troiano*, 918 F.3d at 1087–88.

///

///

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for resentencing is **DENIED**.

DATED: December 9, 2020

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE